UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **CAROL MEANS** | **CIVIL DOCKET NO. 6:22-CV-06243** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **WALMART, INC.** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

# ORDER

Before the Court is a MOTION FOR SUMMARY JUDGMENT (the "Motion") [Doc. 13] filed by Defendant, Walmart, Inc. ("Defendant" or "Walmart"). Plaintiff has failed to timely file an opposition or submit any evidence in response to the Motion. For the following reasons, the Motion is GRANTED.

On September 13, 2021, Plaintiff, Carol Means ("Plaintiff"), filed this lawsuit after she allegedly slipped on what she now believes was a sanitary wipe on the floor of a Walmart store in Morgan City, Louisiana. Plaintiff alleges that she was injured as a result of her fall. [Doc. 1]. However, in her deposition, Plaintiff testified that she did not see anything on the floor either before or after her fall. Nor does the record contain any other evidence indicating that a hazardous condition existed on the floor of the Walmart store in the proximity of her fall. Though Plaintiff alleges in her deposition that she was told by a store employee that he had found a sanitary wipe on the floor, she denies knowledge of where the sanitary wipe was found or the name of the person who allegedly found it. Further, the Walmart store manager submitted an affidavit stating that, "[n]o employee every (sic) reported to me that a

sanitary wipe had been found on the floor," and photographs taken by the manager shortly after the incident do not show sanitary wipes or any other hazardous condition on the floor. [Doc. 13-2]. There is no surveillance footage of the fall.

Under Louisiana law, Walmart's potential liability for Plaintiff's accident and resulting injuries is governed by the Louisiana Merchant Liability Act. La. R.S. 9:2800.6 ("Merchant Liability Act"). The Merchant Liability Act imposes a duty of care on a merchant to those lawfully on its premises, "to keep the premises free of any hazardous conditions which reasonably might give rise to damage." La. R.S. 9:2800.6(A). When a negligence claim is brought against a merchant based on injuries sustained in a fall caused by an allegedly hazardous condition on the merchant's premises, a plaintiff bears the burden of proving that the defendant was negligent and that:

1) The condition presented an unreasonable risk of harm to the claimant and the risk of harm was reasonably foreseeable;
2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and
3) The merchant failed to exercise reasonable care.

La. R.S. 9:2800.6(B).

Here, because Plaintiff has failed to produce evidence sufficient to create a genuine dispute of material fact: (i) that there was a hazardous condition on the floor where Plaintiff fell, and, if so, (ii) that Walmart either created or had constructive notice of the hazardous condition, summary judgment is proper.

Accordingly,

IT IS HEREBY ORDERED that Defendant's MOTION FOR SUMMARY JUDGMENT [Doc. 13] is GRANTED.

IT IS FURTHER ORDERED that all of Plaintiff's claims are DISMISSED WITH PREJUDICE.

THUS, DONE AND SIGNED in Chambers on this 6th day of June 2023.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE